UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRED GEORGE LABANKOFF,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ALAN JAROSLOVSKY as both individual and U.S. Bankruptcy Judge; DENIS BELECK as both individual and Santa Rosa Branch Bankruptcy Court Administrator; KAI as both individual person and clerk of the Santa Rosa Branch Bankruptcy Court; LINDA JERGE 'LJ' as both individual and clerk of the the Santa Rosa Branch Bankruptcy Court; JAMES C. DUFF Director of Administrative Office of U.S. Courts; CHIEF JUDGE ALEX KOZINSKI of the Ninth Circuit; THE LAW FIRM OF PITE DUNCAN LLP; STEVEN W. PITE as partner of Pite Duncan LLP; JOHN D. DUNCAN as partner of Pite Duncan LLP; JOSE A. GARCIA as individual; DONG XIAO YUE as employee of Pite Duncan LLP; XIAO YUE as individual; WILLIAM ROBINSON as employee of Pite Duncan LLP; and WILLIAM ROBINS as Individual,<br><br>　　　　Defendants. | Case No: C 10-0089 SBA<br><br>**ORDER DISMISSING ACTION** |

　　Plaintiff Fred George Labankoff ('Plaintiff') filed the instant pro se action on January 7, 2010, against United States Bankruptcy Judge Alan Jaroslovsky and employees of the Santa Rosa Branch of the bankruptcy court, Ninth Circuit Chief Judge Alex Kozinski, James Duff, the Director of the Administrative Office of the United States Courts ('AO'), and various

attorneys and employees of the law firm of Pite Duncan LLP.  Plaintiff alleges that Defendants violated his civil rights, pursuant to 42 U.S.C. §§ 1983 and 1985(3).  He has filed an application to proceed in forma pauperis ("IFP").  As will be set forth below, the Court dismisses the action pursuant to 28 U.S.C. § 1915(e)(2).

## I. BACKGROUND

Plaintiff is a debtor in an ongoing Chapter 11 bankruptcy proceeding pending in this District (Santa Rosa Division) in which the Honorable Alan Jaroslovsky is presiding judge. See In re Fred George Labankoff, N.D. Cal. Case No. 09-10970 AJ11.  In connection with that proceeding, Plaintiff filed an adversary action against GMAC, which is represented by the law firm Pite Duncan LLC.  See Labankoff v. GMAC, et al., N.D. Cal. Case No. 09-1048.  On January 7, 2010, Plaintiff filed a 50-page, single-spaced Complaint in this Court against a multitude of Defendants, based on their apparent participation in the underlying bankruptcy proceedings.  Plaintiff alleges six claims for relief: (1) violation of 42 U.S.C. § 1983; (2) conspiracy to violate his civil rights in violation of 42 U.S.C. § 1985(3); (3) fraud; (4) common law conspiracy; (5) negligent infliction of emotional distress; and (6) intentional infliction of emotional distress.

All of Plaintiff's claims are based on Defendants' alleged conduct related to the bankruptcy proceedings.  For example, Plaintiff takes exception to Judge Jaroslovsky's rulings and accuses him of numerous ethical violations based on his handling of the action.  He alleges that court staff "obstructed justice" by refusing to accept his filings and by refusing to give him advice in connection with his case.  Chief Judge Kozinski and James Duff, Director of the AO, are sued as representatives of the AO, which allegedly is responsible for mismanaging the bankruptcy court.  And finally, Plaintiff asserts that the law firm of Pite Duncan LLP and its attorneys violated numerous ethical rules in connection with their representation of GMAC.  As relief, Plaintiff seeks damages and an injunction preventing Judge Jaroslovsky from presiding over his bankruptcy case.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), federal courts are authorized to review claims filed IFP prior to service and to dismiss the case at any time if the court determines that: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief. A pleading filed by a pro se plaintiff must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Title 42, United States Code, section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. See Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987).

## III. DISCUSSION

### A. CLAIMS AGAINST JUDGE JAROSLOVSKY AND COURT STAFF

A federal judge is absolutely immune from civil liability for acts performed in his judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (holding that a judge is absolutely immune from section 1983 damages in even if the action he or she took "was in error, was done maliciously, or was in excess of his authority"); accord Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996). Such immunity extends to claims for damages as well as claims for declaratory, injunctive and other equitable relief. Mullis v. U.S. Bankruptcy Court,

828 F.2d 1385, 1394 (9th Cir. 1987) (bankruptcy judge absolutely immune).[1]  The immunity is applicable regardless of whether the suit is styled as being against the defendant in their official or individual capacity.  Hirsh v. Justices of the Supreme Court of Calif., 67 F.3d 708, 715 (9th Cir.1995).  Judicial immunity also extends to the court staff.  Mullis, 828 F.2d at 1390 (court clerks immune when they perform acts that are part of the judicial process).  Here, all of the conduct that forms the basis of Plaintiff's claims arises from the bankruptcy court's handling of his case.  As such, Plaintiff's claims against Judge Jaroslovsky and court staff, Dennis Bilecki (erroneously sued as "Denis Beleck"), "Kai," and Linda Jerge, are DISMISSED.

### B.  CLAIMS AGAINST JUDGE KOZINSKI AND JAMES DUFF

Plaintiff has named Chief Judge Kozinski and James Duff, as representatives of the AO, as defendants based on the AO's alleged failed to properly supervise the Judge Jaroslovsky and the bankruptcy court.  A supervisor may be liable under section upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).  A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Under no circumstances is there respondeat superior liability under section 1983.  Monell v. Dept. of Social Serv., 436 U.S. 658, 691 (1978).  The facts alleged do not support a theory of liability against these Defendants.  Perhaps more fundamentally, neither of these Defendants can be held liable for acts of Judge Jaroslovsky or bankruptcy court staff given that those Defendants are immune from suit.  Plaintiff's claims against Judge Kozinski and James Duff are DISMISSED.

---

[1] Aside from damages, Plaintiff seeks an order requiring Judge Jarovlosky's recusal. Compl. at 49.  The Court has no authority to grant such relief.  See Mullins, 828 F.2d at 1393 ("A district court lacks authority to issue a writ of mandamus to another district court.").

### C. CLAIMS AGAINST LAW FIRM AND ATTORNEYS

A private individual does not act under color of state law, an essential element of a section 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). As such, no liability for constitutional violations may attach to actions undertaken by private individuals. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974). Here, the actions attributed to Pite Duncan and its attorneys allegedly were undertaken in the course of the bankruptcy adversary proceeding. Because these individuals are alleged to have been acting in a private capacity and not under acting under color of state law, Plaintiff cannot state a section 1983 or 1985 claim against them. Plaintiff's claims independently fail on the ground that their conduct was in the course of litigation, and therefore, is privileged. Franklin v. Terr, 201 F.3d 1098, 1102 (9th Cir. 2000) (witness who submitted allegedly perjured testimony in court proceeding was absolutely immune from civil liability); see also Cal. Civil Code § 47(b). Therefore, Plaintiffs claims against Pite Duncan LLP, Steven W. Pite, John D. Duncan, Jose A. Garcia, Dong Xiao Yue, Yue Xiao, William Robinson and William Robins are DISMISSED.

### IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiff's IFP application is DENIED and the action is DISMISSED without prejudice to Plaintiff's ability to present his claims in a new action accompanied by the requisite filing fee. Because no amendment would cure the deficiencies of the instant Complaint, said dismissal is without leave to amend. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: March 26, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge